IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-57,654-02






EX PARTE ROBERT EDWARD TUTTLE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 0216743 IN THE 8
TH JUDICIAL DISTRICT COURT


FROM HOPKINS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to life imprisonment. 

 Applicant's counsel failed to file a timely notice of appeal, and Applicant's appeal was
dismissed for want of jurisdiction. Tuttle v. State, No. 06-04-00108-CR (Tex. App. - Texarkana,
September 2, 2004, no pet.). Applicant filed a writ of habeas corpus in this Court, as a result of
which this Court granted Applicant the opportunity to file an out-of-time appeal. Ex Parte Tuttle,
No. 75,001 (Tex. Crim. App., delivered September 15, 2004). However, Applicant now alleges that
the attorney appointed to represent him in his out-of-time appeal failed to contact him to apprise him
of his appointment, and failed to file a notice of appeal. The appellate mandate in Applicant's case
issued on October 27, 2004. Applicant now contends that the attorney appointed to represent him
in the out-of-time appeal was ineffective, and that counsel's ineffectiveness deprived him of his right
to appeal this conviction.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide appellate counsel for the out-of-time appeal with the opportunity to respond to
Applicant's claim of ineffective assistance of counsel on appeal. The trial court may use any means
set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely
on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was denied his right to a
meaningful appeal because Applicant's appointed counsel for the out-of-time appeal failed to timely
file a notice of appeal. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: September 13, 2006

Do not publish